UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PETRINA M. BRADLEY**, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>V.<br><br>**RESCARE, INC., and EDUCARE COMMUNITY LIVING CORPORATION – GULF COAST D/B/A RESCARE**,<br><br>    Defendants. | CIVIL ACTION NO. 4:17-cv-2700<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL 216(b) FLSA COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1.  Defendants, Rescare, Inc. and Educare Community Living Corporation – Gulf Coast d/b/a Rescare (collectively referred to hereinafter as "Rescare"), failed to pay Plaintiff and its other domestic care workers overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. As a result, Defendants violate the overtime wage provisions of the FLSA.

2.  Plaintiff, Petrina M. Bradley, and the similarly situated employees she seeks to represent, are current and former domestic care workers employed by Rescare who worked more than forty (40) hours during any work week January 1, 2015 to the present (hereinafter referred to as the "Class Members").

3.  Defendants' pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of herself and all other similarly

situated domestic service employees.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

5.     Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## PARTIES & PERSONAL JURISDICTION

6.     Plaintiff, Petrina Bradley, lives in the Southern District of Texas. Plaintiff was employed by Defendants from on or about June 12, 2017 to on or about September 6, 2017 as a domestic service employee out of Defendants' 108 Commercial Circle, Conroe, Texas 77301 office. Her written consent is attached hereto as Exhibit 1.

7.     The class of similarly situated employees consists of all domestic care workers employed by Rescare who worked more than forty (40) hours during any work week January 1, 2015 to the present.

8.     Rescare, Inc. is a Kentucky corporation doing business in Texas and may be served through its registered agent, CT Corporation, 306 W. Main St., Suite 512, Frankfort, Kentucky 40601.  Defendant Rescare, Inc. at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court.  Defendant conducts business throughout Texas.  Furthermore, Defendant contracted with and employed Texas residents, like Plaintiff and Class Members, to conduct its business in Texas.

9.     Educare Community Living Corporation – Gulf Coast d/b/a Rescare is a Texas

2

corporation that may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

## FLSA COVERAGE

10. At all times relevant to this dispute, each of the Defendants has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant to this dispute, each of the Defendants has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

29 U.S.C. § 203(s)(1).

12. At all times relevant to this dispute, each of the Defendants has had annual gross sales in excess of $500,000.

13. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

14. Educare Community Living Corporation − Gulf Coast is a subsidiary of Rescare, Inc. Defendants provide home care services to elderly and/or invalid clients. Defendants' direct care employees provide assistance with bathing, grooming, toileting, transfer/ambulation, exercise regimens, medication administration, feeding, meal preparation, cleaning, laundry, shopping and escort. *See* https://www.rescare.com/.

15. Plaintiff was hired to work as a home health care worker ("Direct Care Specialist Personnel") for Defendants. Defendants control Plaintiff's conditions of employment, including her pay rate, as well as the policies and procedures that she and the other Class Members are

required to follow.

16.  Plaintiff's primary duties as a home healthcare worker consist of going to the private homes of her clients, bathing them, helping them to dress and undress, washing their bedding and clothes, reading to them, playing games with them, providing fellowship/companionship, and otherwise helping the client with their activities of daily living (i.e. dressing, grooming, feeding, bathing, toileting, transferring, meal preparation, driving, light housework, etc.).

17.  As a domestic service worker, Plaintiff regularly works more than forty (40) hours per workweek.  In fact, a typical work schedule requires Plaintiff to work more than 65 - 70 hours per week, with many weeks requiring her to work even more. Plaintiff was not a member of management.  Neither she nor any other Class Member had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendants' employees, handle employee grievances, determine the type of equipment or materials that Defendants could use in their operations, plan and/or set Defendants' budget, enter into contracts on behalf of Defendants, or otherwise have operational control over Defendants' business operations and practices.

18.  Plaintiff and the Class Members were at all times "non-exempt" employees who were paid an hourly wage and were eligible to receive overtime pay pursuant to Section 207 of the FLSA.  However, Defendants paid Plaintiff and Class Members a "straight time" hourly wage, that is, they were paid at the same hourly rate for all hours worked up to and over forty in a workweek.

19.  At all times relevant to this dispute, Defendants have been all been "joint employers" of Plaintiff and the Class Members within the meaning of the FLSA because all acted directly or

indirectly in the interest of an employer in relation to Plaintiff and the other Class Members. 29 U.S.C. § 203(d). Moreover, the Defendants are not completely disassociated with respect to the employment of Plaintiff and the Class Members and they all share control of Plaintiff and the Class Members. 29 C.F.R. § 791.2 (2000). The way in which Defendants actually handle the business relationship as it pertains to Plaintiff and the Class Members demonstrates that they all act as joint employers.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other persons employed by Defendants as a domestic service worker during any week after January 1, 2015 who, like Plaintiff have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) in a single week.

21. Defendants classify and pay all of their domestic service workers in the manner described above. In this regard, Defendants maintain a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

22. Defendants' domestic service employees all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, receive a different hourly wage, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

23. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

24. Defendants possess the names and addresses of all Class Members in their records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to

join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> **"All of Defendants' current and former domestic service employees who worked more than forty (40) hours during any work week during the period of January 1, 2015 to the present."**

## CAUSES OF ACTION

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. Defendants misclassified Plaintiff and the Class Members as exempt workers under the FLSA and failed to pay them appropriate overtime wages required by the FLSA. 29 U.S.C. § 207.

27. Plaintiff and the Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b). Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action and Defendants are liable for liquidated damages.

## JURY DEMAND

28. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against, jointly and severally, awarding her and all similarly situated employees:

a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and a half times her regular rate of pay;

b. An equal amount as liquidated damages;

c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

d. Such other and further relief as may be required by law.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Todd Slobin*
Todd Slobin
Texas Bar No. 24002953
tslobin@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF &
CLASS MEMBERS